# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| Brad Rupert<br>295 Yosemit Dr.<br>Penn Hills, PA 15235<br><br>**AND**<br><br>Christina Rupert<br>295 Yosemit Dr.<br>Penn Hills, PA 15235<br>    Plaintiffs,<br><br>v.<br><br>United Revenue Collection Service<br>c/o Daniel A. Carangi, Owner<br>792 Cliff Road<br>Bensalem, PA 19020<br>    Defendant. | CASE NO.:<br><br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE FAIR CREDIT EXTENSION UNIFORMITY ACT, AND OTHER EQUITABLE RELIEF** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under Supplementary Jurisdiction. Venue is proper in this district because this is the judicial district in where all of the events giving rise to the cause of action arose.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiffs are persons who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) and PA ST 73 P.S. §2270.3.

5. The Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3) and PA ST 73 P.S. §2270.3.

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) and PA ST 73 P.S. §2270.3.

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within two years of the date of this Complaint.

9. Defendant is attempting to collect $3552.04 from the Plaintiffs.

10. On March 9, 2006, Mike Masters, (hereinafter Masters) an agent of the Defendant, contacted Brad Rupert (hereinafter Brad) at work. Brad informed Masters that Plaintiffs were represented by a law firm, Legal Helpers, provided their record number with the firm, and stated all future calls must go to the attorney. During this call, Brad also told Masters he was not permitted to receive calls at work.

11. On March 9, 2006, Masters, an agent of the Defendant, called Plaintiffs and left a message on their home answering machine.

12. On March 9, 2006, Christina Rupert (hereinafter Christina) returned the telephone call, spoke with Masters, and indicated that Plaintiffs were represented by an attorney and again provided their attorney information and record number.

13. During that telephone call, Masters stated that he was aware that Plaintiffs were represented by an attorney and acknowledged having their law firm's name.

14. During that telephone call, Masters stated that he simply wanted more information and he would keep calling until Plaintiffs were "held responsible".

15. On April 12, 2006, Masters again called Brad at work and was very rude. At this time, Brad told Masters, again, not to call him at work anymore. Masters attempted to explain to Brad that he was "just doing his job".

16. On April 12, 2006, after Masters harassed Brad at work, Masters called Plaintiffs' residence and left a voice mail for "Christina Clawson" (Christina's Maiden Name) to return his call sometime between 8:00am and 5:00pm.

17. On May 3, 2006, Defendant sent Plaintiffs a communication titled, "Final Notice" in the mail. This was received by Plaintiffs on May 10, 2006.

18. On May 11, 2006, Masters again contacted Plaintiffs at their place of residence.

19. On May 25, 2006, Masters again contacted Plaintiffs and left a message on their answering machine.

20. Defendant violated the Fair Debt Collection Practices Act and the Fair Credit Extension Uniformity Act.

## COUNT ONE

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The defendant violated 15 U.S.C. §1692c in that it contacted and continued to contact Christina notwithstanding the fact that the defendant was told by the plaintiff that the plaintiff was represented by an attorney.

## COUNT TWO

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The defendant violated PA. ST. 73 P.S. §2270.4 in that it contacted and continued to contact Christina notwithstanding the fact that the defendant was told by the plaintiff that the plaintiff was represented by an attorney.

## COUNT THREE

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The defendant violated 15 U.S.C. §1692c in that it contacted and continued to contact with Brad notwithstanding the fact that the defendant was told by the plaintiff that the plaintiff was represented by an attorney.

## COUNT FOUR

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The defendant violated PA. ST. 73 P.S. §2270.4 in that it contacted and continued to contact Brad notwithstanding the fact that the defendant was told by the plaintiff that the plaintiff was represented by an attorney.

## COUNT FIVE

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The defendant violated 15 U.S.C. §1692e in that it harassed Brad at work.

## COUNT SIX

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The defendant violated PA. ST. 73 P.S. §2270.4 in that it harassed Brad at work.

## COUNT SEVEN

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692 by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT EIGHT

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated PA. ST. 73 P.S. §2270.4 by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT NINE

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT TEN

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The defendant violated PA. ST. 73 P.S. §2270.4 in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT ELEVEN

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

43. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

    a. Declaratory Judgment against defendant evidencing defendant's conduct violated the FDCPA.

    b. Injunctive Relief against defendant.

    c. Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and PA. ST. 73 P.S. §2270 and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and PA. ST. 73 P.S. §2270.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   /s/ William M. Buchanan
    William M. Buchanan
    Attorney for Plaintiffs
    c/o Jeffrey S. Hyslip, Esq.
    Legal Helpers, P.C.
    20 West Kinzie; Suite 1300
    Chicago, IL 60611
    Telephone: 1.866.339.1156
    jsh@legalhelpers.com